PERKINS v. PERKINS.

RES JUDICATA.—The legacy in question here *held* not to have been paid, because the question of payment is *res judicata*.

Before BUCHANAN, J., May, 1896, and WATTS, J., February, 1896, Chesterfield. Reversed.

Action by John H. Perkins, as administrator *de bonis non* of estate of Nancy J. Perkins, against the heirs at law of Nancy J. Perkins and parties in interest in her estate, for settlement of same. From an order refusing the payment to Benjamin T. Perkins, a defendant, of a legacy, this defendant appeals on the following exceptions:

First. Because his Honor, Judge R. C. Watts, erred in

holding, that "B. T. Perkins has taken and converted to his own use the mule spoken of in the evidence * * * and that it belongs to the estate of Nancy J. Perkins, and has not been accounted for," when the evidence did not support such a finding, and when that matter was not before him; whereas he should have found that, inasmuch as it was only referred to R. T. Caston, Esq., as special referee, "to take testimony and report whether the said legacy had been paid," and the matter being before him on exceptions to the referee's report, that only such matters as were referred to the referee were before him, and he erred in not so holding.

Second. Because his Honor, Judge R. C. Watts, erred in holding, if he so meant to hold, that B. T. Perkins should account to the estate of Nancy J. Perkins for the mule in question before he could receive payment of his legacy; whereas he should have held that, inasmuch as the complaint of the administrator set out the legacy to B. T. Perkins, and did not allege that same had been paid, nor that the said legatee had been advanced in any sum, nor that he had any property of the estate for which he should account in his possession, but did allege that the administrator had had the personal estate sold, and "had applied the proceeds of such sale to the debts of the deceased," and that same "is not sufficient to pay the debts thereof, and a sale of at least a part of the real estate becomes necessary to pay the same;" and since his Honor, Judge Wallace, ordered that the land be sold, and since partition has been ordered and distribution partly had, and the administrator discharged, the whole matter of the liability of B. T. Perkins to account for the mule in question, whether as an advancement or as personalty belonging to the estate, is *res judicata*, and he erred in not so holding.

Third. Because his Honor, Judge R. C. Watts, erred in not holding that the question of advancements, so far as B. T. Perkins is concerned, is now *res judicata*.

Fourth. Because his Honor, Judge R. C. Watts, erred in

not holding that the question of the liability of B. T. Perkins to account for property in his possession at and prior to the time of the service of the complaint upon him, and now claimed by the estate, is *res judicata.*

Fifth. Because his Honor, Judge R. C. Watts, erred in not holding that, even if B. T. Perkins did convert to his own use the mule spoken of in the evidence, still, B. T. Perkins being a party to the action in which the personal property was marshaled and sold, and real estate sold in aid thereof to pay debts, the matter of his liability to account for same is *res judicata.*

Sixth. Because his Honor, Judge O. W. Buchanan, erred in refusing the motion, when there was no motion before the Court, the case being before him on exceptions to the report of the referee.

Seventh. Because his Honor, Judge O. W. Buchanan, erred in holding, if he so meant to hold, that the decree of Judge Watts was final and conclusive in the Circuit Court, so long as it stands unreversed, as to the liability of B. T. Perkins to account for the mule in question, when the decree of Judge Watts expressly recommitted the case to the referee to report as to whether B. T. Perkins is accountable to the estate of Nancy J. Perkins for said mule.

Eighth. Because his Honor, Judge O. W. Buchanan, erred in holding, that "there are other reasons why the particular relief asked on this motion should not be granted."

Ninth. Because his Honor, Judge O. W. Buchanan, erred in not holding that the question of advancements, so far as B. T. Perkins is concerned, is *res judicata*, this question being necessarily involved and passed upon before partition and distribution was had.

Tenth. Because his Honor, Judge O. W. Buchanan, erred in not holding that the question of the liability of B. T. Perkins to account for the mule spoken of was properly before him, and that same was *res judicata*, it having been found that personalty was insufficient to pay the debts of testatrix, and that a sale of realty was necessary to aid in

payment of same, and after partition and distribution had been ordered and partly had.

Eleven. Because his Honor, Judge O. W. Buchanan, erred in not ordering the payment of the legacy to B. T. Perkins.

Mr. *W. P. Pollock*, for appellant, cites: *Res judicata:* 17 S. C., 40; 19 S. C., 156; 7 Wall., 106; 24 How., 333; 5 Wall., 580; 2 Wall., 35; 23 S. C., 145. *Administrator must account for personal property before obtaining order for sale of realty in aid of assets:* 33 S. C., 498, 165; 19 S. C., 400; 15 S. C., 578; 22 S. C., 106; 23 S. C., 145.

Mr. *W. F. Stevenson*, contra, cites: *Defendant should have moved to have legacy paid:* 16 S. C., 620. *Reference:* Code, 293, subs. 1 and 3; 4 Rich. Eq., 88. *Accounting:* 16 S. C., 216. *Res judicata:* Bailey Eq., 514; 14 S. C., 226.

July 13, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE. This was an action on the equity side of the Court of Common Pleas for Chesterfield County, in this State. The complaint alleged that Nancy J. Perkins departed this life leaving a last will and testament, of which the defendant, H. D. Malloy, was appointed executor, and that he qualified as such executor, and then declined to carry out the will, and renounced his office as said executor; whereupon the plaintiff, John H. Perkins, was appointed by the court of probate for said Chesterfield County to the office of administrator *de bonis non cum testamento annexo* of said Nancy J. Perkins, deceased; that as such administrator he had sold the personal estate of his testatrix, but found that the assets in his hands would not pay all the indebtedness of such estate; that creditors were threatening to sue the estate; that it would be necessary to sell all or a part of the real estate of his testatrix to aid the personalty in his hands in the payment of debts; that he was ready and anxious to make an accounting of all his actings and doings as said administrator, &c.; that the estate should

be marshaled; that all creditors should be called before the Court in this action; that such creditors should be enjoined from bringing actions at law or in equity except as they might assert their rights under this action. The will was made a part of the complaint. By the fifth clause thereof the testatrix had provided as follows: "I give and bequeath to W. J. Hanna three horses, three saddles, and three bridles, of the value of $300; or in the event that I die not owning such horses, saddles, and bridles, of such value, then and in that event I give to him the sum of $300 in money, to be expended in the purchase of such horses, saddles, and bridles, to be held in trust for my following named sons, viz: Benjamin T., Richard S., and Rufus R., and to permit my said sons, each, to take charge and possession of one-third part of the property given in this V. clause of my will for their individual use." The eleventh clause of said will was as follows: "I give, devise, and bequeath to W. J. Hanna, on the division of my estate, three equal full shares thereof, *in trust*, to hold the same for the use, benefit, and behoof of my three sons, Benjamin T., Richard S., and Rufus R., and to pay to each of them the interest as it may accrue annually on one-third part thereof; and in the event of the intermarriage of any of my said sons, to pay to such son on such marriage one-third part of the *corpus* of the estate hereinbefore given said Hanna in trust." The complaint did not allege that Benjamin T. Perkins had received any advancement from his said mother. Nancy J. Perkins, the testatrix, did not have in possession at her death the horses, bridles, and saddles mentioned in the fifth clause of her will. The appraisement and sale bills of the administrator did not make any reference to the mule, which was afterwards claimed as in the possession of Benjamin T. Perkins. Nor did the complaint allege that said Benjamin T. Perkins had in his possession any property belonging to the estate of the testatrix, nor that he had received any advancements from her, nor that the specific legacy set out in the fifth clause had been received. The three sons, Ben-

jamin, Richard, and Rufus, were minors, and appeared by guardians *ad litem*. After the pleadings were all in, at the September term of the Court, 1889, his Honor, Judge Wallace, ordered the lands sold, first stating in his decree that the personal assets were insufficient to pay debts, and that marshaling the assets was necessary. This last was done, and on the 22d November, 1889, his Honor, Judge Wallace, made an order discharging the administrator from further action in the estate of his testatrix; also, he provided in his decretal order, "that the land described in the complaint be sold," &c., and that the proceeds arising therefrom be applied as follows: "First, to the payment of costs * * * and that any remaining funds from the sale of such tract be placed with the common fund of the estate, and that out of such common fund the other claims be paid in equal proportion." The lands were sold, and the sales confirmed by his Honor, Judge Fraser, on the 11th February, 1891. On the 9th day of February, 1895, his Honor, Judge D. A. Townsend, ordered: "That G. J. Redfern, as clerk of the court, be, and he is hereby, appointed trustee for Benjamin T. Perkins and Rufus R. Perkins, and that he pay to them one-third of their interest in the said estate in trust, for the support of themselves and their families (they being married). * * * It is further ordered, that all funds distributable shall be applied to the eight shares not advanced until they shall be equalled with the money advanced to Richard S. Perkins under a former order of this Court; and when they shall have been made equal, the funds will be distributed amongst the nine shares equally." On the 14th February, 1895, his Honor, Judge D. A. Townsend, made this order: "It appearing that W. J. Hanna, who was appoinred trustee for Benjamin T. Perkins, Richard S. Perkins, and Rufus R. Perkins, by the eleventh clause of the will of Nancy J. Perkins, deceased, declined to act, and they are now all married, and they are of age, and that the trustee appointed by this Court declines to act further; and it further appearing that the said

parties are now entitled under the said will to receive their respective shares of the estate of said Nancy J. Perkins, from the terms of said will absolutely, and freed from any trust: Now, on motion of W. F. Stevens, attorney in the cause, it is ordered and decreed, that the said parties are now entitled to receive their shares, freed from any trust. It is further ordered, that the clerk of the said court do pay them their proportion of funds now in this cause and take their receipts individually for the same."

Pursuant to this order, G. J. Redfern, as clerk of the court, paid to Benjamin T. Perkins $80 on account of his distributive share, and took his receipt therefor, and all the other parties, except Rufus R., were paid the like sum by the said clerk. Thereafter, to wit: on the 4th day of May, 1895, upon an allegation by Benjamin T. Perkins that he had not received the sum of $100, under the 5th clause of his mother's will, his Honor, Judge Watts, made the following order: "Ordered and decreed, that it be referred to R. T. Caston, Esq., as special referee, to take testimony as to the payment of said legacy, and that he report his findings of fact to the Court of Common Pleas." In pursuance of this order, testimony was offered before said special referee as to the payment of the special legacy of $100; but the plaintiff opposed the claim upon three grounds: 1st, that it had been paid; 2d, that it was barred by the statute of limitations; 3d, that it was *res judicata.* The testimony developed this contention: First, the administrator made oath that, just after his mother's death, his brother, Benjamin T. Perkins, had in his possession a mule of the testatrix, which he said he would take instead of the $100, with which to buy a horse, saddle, and bridle; that this mule had been returned by Benjamin T. in the lifetime of his mother, and as her agent, to the auditor of Chesterfield County, as the property of his mother, Nancy J. Perkins, for two years. On the other hand, Benjamin T. denied the conversation alleged to have occurred between his brother, John H. Perkins, as the administrator as aforesaid, and said that the

mule had been given to him by his father, John H. Perkins, the elder, and in this statement he was corroborated by his two sisters. Benjamin T. explained the return to the auditor by saying that he returned all his property along with his mother's to the auditor, and that the fact was that he had to pay all the taxes anyway, and hence it was indifferent in whose name the property was returned for taxation. Mr. Caston, as special referee, reported to the Court, that without undertaking to decide whether the mule was given to Benjamin T. Perkins by his father or mother, he found, as a matter of fact, that the legacy of $100 had not been paid; that such claim was not barred by the statute of limitations, and that the same was not *res judicata*. To this report the administratar excepted. In February, 1896, his Honor, Judge Watts, heard this branch of the case, and decided that while the conversion of the mule would not produce technical payment of the legacy, yet if the said B. T. Perkins has received and converted the same to his own use, that he must account for its value before he can receive anything from the estate. "The question comes before me, whether that legacy shall be paid, that question not having been referred to R. T. Caston, Esq. The evidence satisfies me that B. T. Perkins has taken and converted to his own use the mule spoken of in the evidence, and that it belonged to the estate of his mother, Nancy J. Perkins, and has not been accounted for, and I cannot order any of the estate funds paid till it is accounted for under the doctrine of Wilson *v.* Kelly. It is, therefore, ordered that no funds of this estate be paid to B. T. Perkins until the further order of Court." The presiding Judge then recommits the cause to Mr. Caston, as referee, to have further evidence, if parties desire it, as to whether B. T. Perkins is accountable to the estate of Nancy J. Perkins for said mule, either party having the right to offer further evidence, and such special referee will report his conclusions with all convenient speed.

The said special referee reported, holding that Benjamin T. Perkins should be required to account for the mule be-

fore he received any further part of his mother's estate, also that this matter now being heard was not precluded by anything which preceded it in this cause; that the plea *res judicata* was not a good defense in B. T. Perkins' favor, in accounting for this mule. To this report B. T. Perkins excepted. His exceptions came on to be heard by Judge Buchanan, who held: "Whatever may be the effect of the order of Judge Watts in this matter, it is clear that as long as it stands unreversed, it is the law upon the subject. It is to be presumed that whatever was necessary to warrant such order was before the Court. Such order, as far as it goes, is binding upon the Court here. But there are other reasons why the particular relief asked on this motion should not be granted. The right to set out such is reserved to be inserted in a report of the case on appeal, if at that time I shall deem it necessary. The motion is refused."

We have been careful to state in chronological order the different steps in this action, in order that we might understand the same ourselves, and in order that the expression of our own views might be responsive to the equities of the different parties to this controversy. We will ask that the grounds of appeal be set out in the report of the case. We must reverse the decrees herein involved, and order the special legacy of $100 paid to Benjamin T. Perkins. When the respondents here abandoned their defense of *res judicata* to plaintiff's claim, they left the whole matter open as a question of fact, reinforced by the plea of *res judicata* by the appellant. What we mean is this: if the plaintiff and the parties associated with him in the opposition to the claim of Benjamin T. Perkins had adhered to their claim that the said Benjamin T. Perkins could not maintain any claim for this specific legacy, after assenting to and ratifying the decree of Judge D. A. Townsend, of the 14th February, 1895, on the doctrine of *res judicata*, the result would have been different; but now, having abandoned that wholesome doctrine, they have put it in the power of Benjamin T. Perkins to invoke the doctrine of *res judicata*, when he

shows that no such claim as is now set forth by J. H. Perkins, as administrator, was ever set up by him in his appraisement of the estate of his testratrix, nor was any such mule in the sale bill, nor was any claim as to the mule being in the possession of Benjamin T. Perkins when he accounted for his management of the estate or when the estate was marshaled. That it was his duty to the estate of his testatrix to do so when he accounted in this action for his actings and doings, and not having said a word then, the whole matter of the personal estate of Mrs. Perkins in this cause, so far as the assets are concerned, as between the parties to the cause, is *res judicata*. It is too late now for him to attempt to set up any such claim. Where the question of fact is concerned, it is nowhere made to appear that this special legacy was paid to any trustee for Benjamin T. nor to Benjamin himself. The evidence is against such a conclusion when the law of *res judicata* is applied to the administrator. Both Judges, Watts and Buchanan, erred in finding to the contrary. The grounds of appeal are well taken, and the proceedings appealed from must be reversed.

It is the judgment of this Court, that the decrees appealed from be reversed, and that the action be remanded to the Circuit Court, with directions to enter a decree in favor of the said Benjamin T. Perkins for the $100, as claimed by him.

MR. CHIEF JUSTICE MCIVER, and MESSRS. JUSTICES GARY and JONES concur in the result.