## 11345

### McLEOD v. AMERICAN PUBLISHING COMPANY *ET AL.*

#### (120 S. E., 70)

1. LIBEL AND SLANDER—REPUTATION MAY BE PLEADED AND PROVED AS MITIGATING CIRCUMSTANCE.—In an action for libel, reputation may be pleaded and proved as a mitigating circumstance, in view of Code Civ. Proc. 1922, § 426.

2. LIBEL AND SLANDER—CIRCUMSTANCES: SURROUNDING PUBLICATION PROPERLY PLEADED IN MITIGATION OF DAMAGES.—In an action for libel, plaintiff's address at a political meeting and a newspaper report thereof, in which plaintiff attacked defendant's reputation, preceding by a day or so the newspaper article which is the basis of this action, and an alleged conspiracy in which plaintiff was implicated to injure defendant's reputation *held* properly pleaded in mitigation of damages.

3. LIBEL AND SLANDER—COURTS LIBERAL IN ADMISSION OF EVIDENCE.— Courts are more liberal in the admission of evidence in cases of libel and slander than in other cases.

4. TRIAL—TRIAL JUDGE VESTED WITH DISCRETION AS TO COMPETENCY AND AMOUNT OF EVIDENCE.—A trial Judge is vested with a large discretion, both as to competent testimony and the amount of testimony.

Before WILSON, J., Charleston, October, 1922. Reversed in part; affirmed in part.

Action by B. Frank McLeod against the American Publishing Company and John P. Grace. From an order strik-

ing out certain parts of the answer, and requiring the answers to be made more definite and certain, and from an order refusing in part plaintiff's motion to strike out certain allegations of the answer, both parties appeal.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for defendants, cite: *Sufficiency of pleading should be tested by demurrer:* 105 S. C., 273. *Cannot be stricken out for indefiniteness:* 66 S. C., 381. *Irrelevant matter:* 73 S. C., 29; 69 S. C., 321. *Special rule in Libel and Slander:* Code Proc. 1912, Sec. 426; 67 S. C., 495. *Latitude in pleading:* 66 S. C., 134; 63 S. C., 428; 50 S. C., 67. *Plea in justification:* 66 S. C., 138; 17 R. C. L., 400, 402; 13 Enc. Pl. & Pr., 81; 34 Ann. Cas., 1048; 5 Suth. Dams. (4th Ed.), 4567, 4585, 4586; Pom. Civ. Rem. (4th Ed.), 824; 2 Brev., 64; 1 Mill 80. *Liability for libelous statements:* 17 R. C. L., 378, 385, 386. *Actionable libel:* 114 S. C., 53. *Defendant can show belief in truth in mitigation:* 21 S. C., 343. *Or that he only repeated a slander told him:* 2 Brev., 64; *or grounds of suspicion:* I N. & McC., 268. *Even though not proven jury may consider facts in mitigation:* 16 S. C., 439. *Facts showing case should be clearly set out:* 60 S. C., 370; 73 S. C., 30; 117 S. C., 393.

*Messrs. Whaley, Barnwell & Grimball* and *Thos. P. Stoney,* for plaintiff, cite: *Allegations which are merely argumentative will be stricken out on motion:* 64 S. C., 513; 71 S. C., 340; 73 S. C., 21; Bliss Code Pl. Sec. 423; 65 S. C., 222; 66 S. C., 12; 74 S. C., 30; 78 S. C., 582; 81 S. C., 303; 90 S. C., 378. *Libeller cannot put his own construction on words:* Newell Libel 373, 794, 790; 178 N. Y. S., 652; 183 N. Y. S., 495; 65 N. Y. S., 678.

November 16, 1923.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an action for libel. This is an appeal from an order of Hon. John S. Wilson, Circuit Judge, striking

out certain parts of the answer of defendants, and requiring answers to be made more certain and definite in certain particulars, and also of plaintiff, McLeod, from same order, which in part refused the motion to strike out certain allegations of the answer.

By the decisions of this Court and under the statute an exception is made in actions for libel and slander as to the pleadings to that of the pleadings in the generality of cases. Section 426, Code of Civil Procedure of 1922, provides:

"In the action mentioned in the last section [action for libel or slander] the defendant may, in his answer, allege both the truth of the matter charged as defamatory, and any mitigating circumstances, to reduce the amount of damages; and, whether he prove the justification or not, he may give in evidence the mitigating circumstances."

"It is true, as a general rule, reputation, good or bad, may not be pleaded or proved as a defense in a civil action. Exceptions to this rule embrace actions for breach of promise, seduction, malicious prosecution, libel and slander, assault and battery." *Smith v. Lafar,* 67 S. C., 495; 46 S. E., 333.

In *Smith v. Smith,* 50 S. C., 67; 27 S. E., 551, this Court said:

"The allegations which the defendant moved to strike out constituted a part of the history of the case, and were important in determining the relief to which the plaintiff was entitled. Upon the trial of the case the plaintiff will be restricted in his testimony to proof of the facts alleged in the complaint, and instead of the allegations, to which the defendant objects, aggrieving him, they may work to his advantage, as they inform him beforehand upon what issues the case will be tried."

The inception of the trouble in the instant case and the *casus belli* was an address made by plaintiff at a political meeting where candidates for Congress

made speeches, and Mr. Logan, a partner of Grace, was a candidate. Grace was not a candidate. McLeod attacked both Logan and Grace, and on August 26th McLeod's attack appeared in the News and Courier as a paid advertisement, and the same paper gave an account of the meeting and the attack on Grace by McLeod. On the following day, Grace published in the Charleston American the article which is the basis of this suit. The article of McLeod appeared in the News and Courier on August 26, 1922, and Grace's article in the American on August 27, 1922. Southerland on Damages (4th Ed.), Vol. 4, p. 4594, says:

"Evidence of a previous publication by the plaintiff will not be received in mitigation on the ground of provocation, unless not only the connection between the publications be manifest, but also that the provocation is so recent as to induce a fair presumption that the injury complained of was inflicted during the continuance of feelings and passions excited by the provocation. A distinct and independent libel published by the defendant is not mitigation; but, as just stated, if the publication by the plaintiff was so recent as to afford a reasonable presumption that the libel by the defendant was published under the influence of the passions excited by it, or where it is explanatory of the meaning of or the occasion of writing the libel complained of, it may be given in evidence for that purpose."

"The cause and manner of speaking the slander are in all cases proper to be given in evidence in order to guide the jury in the assessment of damages, * * * and all the circumstances of hearing the slander first published and the manner of repeating it ought to be duly considered by the jury in mitigation or in aggravating the damages." *Easterwood v. Quin,* 2 Brev. p. 64; 3 Am. Dec., 700.

His Honor was in error in striking out Exhibits A and B of defendant's answer, under the authority of *Thompson*

*v. Boyd,* 1 Mill, Const., 80. We think that his Honor was in error, also, in striking out that portion of the third and fourth defenses coupling McLeod with the alleged libelous statements of Hutto and Morrison at the meeting referred to.

Defendant charges a conspiracy between McLeod, Hutto, and Morrison at the campaign meetings for Congress, at which meetings Grace was not a candidate, to wantonly, wrongfully, and maliciously injure the good name of Grace, and hold him up to disgrace and ridicule. Defendant has a perfect right to allege the circumstances surrounding the publication of the alleged libel. Defendants charge that McLeod composed the letters published over the name of Hutto, and charged McLeod with procuring for publication the alleged libelous and defamatory matter. The allegations are responsive to the issues and are material in justification or mitigation of damages. The plaintiff bases his action that the article published was willful and malicious. All the facts should be allowed to be introduced in evidence, showing lack of malice or in mitigation of damages.

The Courts of the land are more liberal in the admission of evidence in cases of libel and slander than in other cases, even if it has been held that the defendant can introduce evidence to show his belief in the truth of the charge made in mitigation of damages. *Finch v. Finch,* 21 S. C., 343; *Easterwood v. Quin,* 2 Brev., 64; 3 Am. Dec., 700; *McLuny v. Buford,* 1 Nott & McC., 268; *Burckhalter v. Coward,* 16 S. C., 439. The defendant's first exception is sustained, and the order of Judge Wilson is reversed to that extent. His second exception is overruled; all of the plaintiff's exceptions are overruled.

The Circuit Judge, who tries all cases, is vested with a large discretion, both as to competent testimony and the amount of testimony, and no doubt

in this case will confine the trial to the true issues as made by the pleadings.

Order appealed from reversed in part, and affirmed in part.