## 11833

### HALL v. AIKEN COUNTY

(129 S. E., 160)

1. TRIAL—INSTRUCTION AS TO COUNTY'S BURDEN IN PROVING FREEDOM FROM NEGLIGENCE IN MAINTENANCE OF BRIDGE, THOUGH ERRONEOUS, HELD NOT GROUND FOR REVERSAL, IN VIEW OF OTHER INSTRUCTIONS—In action against county for damages from breaking of bridge alleged to have been negligently maintained, instruction stating in part, "It is not incumbent upon the county to prove that plaintiff was negligent but they have got to prove that it was not negligent," *though erroneous in use of such language, held* not ground for reversal, in view of both preceding and following correct statements.

2. TRIAL—INFORMAL REQUEST FOR INSTRUCTIONS WHEN COMPLIED WITH, IS SUBJECT TO ALL RULES APPLICABLE TO FORMAL REQUESTS.—When Court responds to oral request for instruction, it is subject to all

rules of law applicable to formal requests to charge, though it might have refused request for noncompliance with Circuit Rule No. 11.

3. BRIDGES—STATEMENT OF COURT HELD NOT CONSTRUABLE AS INSTRUCTION NOT TO CONSIDER AMOUNT OT TRAFFIC IN MEASURING COUNTY'S DUTY IN MAINTENANCE OF BRIDGE.—In action against county for damages from breaking in of bridge alleged to have been negligently maintained, statement of Court, "I disagree with you on the thinly settled country. I don't think there is any difference in the amount of traffic, and all," *held* not intended as charge that jury should not consider amount of traffic in measuring duty of county.

Before HENRY, J., Aiken, November, 1924.    Affirmed.

Action by L. F. Hall against Aiken County.    Judgment for plaintiff and defendant appeals.

*Messrs. Henderson & Salley,* for appellant, cite: *Burden of proving negligence:* 124 S. C., ——; 58 S. C., 417; 73 S. C., 254; 82 S. C., 277; 82 S. C., 565; 94 S. C., 377. *Negligence dependent on circumstances:* 124 S. C., 295.

*Messrs. Williams, Croft & Busbee,* for respondent, cite: *More specific charge not requested:* 95 S. C., 402; 113 S. C., 45; 115 S. E., 200; 114 S. C., 78; 115 S. E., 302; 122 S. E., 580; 123 S. C., 319; 98 S. C., 324; 102 S. C., 395; 107 S. C., 216; 127 S. E., 266; 98 S. E., 142. *Error in charge corrected:* 109 S. C., 343. *Charge taken as a whole:* 111 S. C., 111; 103 S. C., 342; 103 S. C., 479; 105 S. E., 350. *Statute read to jury:* 108 S. C., 393. *Exception argumentative:* 119 S. E., 837; 121 S. E., 559; 128 S. E., 358. *Request to charge improperly made:* 117 S. E., 735.

September 9, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE PURDY.

This is an action against Aiken County for damages alleged to have been caused by the breaking in of a bridge on one of the highways of that County.    The complaint

contains the usual and appropriate allegations in an action for damages against a County.

The complaint states that there were being transported upon an automobile truck four head of oxen and several laborers going from one point to another, and that they went upon the bridge in question, and, by reason of its unsound, unsafe, and decayed condition, it broke down, overturning the plaintiff's vehicle, throwing the oxen violently into a creek upon some rocks; that the oxen were rendered sick and unfit for work for a considerable time, and that their value was greatly reduced, to his damage $250; that the automobile truck was damaged $181 by the bursting of tires and other damage to truck; that the neglect and mismanagement of the defendant was the proximate cause of the injuries; that the injury was not brought about by the plaintiff; that he did not negligently contribute thereto, and that his load did not exceed the ordinary weight such as ordinarily passed over the highway in question in the course of public travel.

The answer of the defendant is that whatever injury was suffered was due to the plaintiff's own negligence and that of his agents and servants in charge of the truck; that they went upon the bridge with a truck excessively loaded, and that the same was greater than the usual and ordinary load that usually passed over the bridge; that the plaintiff knew that the bridge was not constructed to sustain such a load, or should have known it, and that in going upon it the plaintiff and his agents and servants assumed the risk of the bridge breaking. The answer further sets up contributory negligence in going over the bridge with the load in question, knowing that it was not sufficient to sustain the load; that it was negligence on the part of the plaintiff, his agents and servants in so doing, and that this contributed to the injury as a proximate cause, without which it would not have happened.

A trial was had before his Honor, Judge Henry, and a jury, and resulted in a verdict for the plaintiff for the full

amount claimed.   A motion for a new trial was made and
refused.

The appeal is based upon two exceptions alleging error on
the part of his Honor:

1. In charging the jury that: "It is not incumbent
upon the county to prove that the plaintiff was neg-
ligent, but they have got to prove that it was not
negligent." His Honor, the trial Judge, had just read, as
a part of his charge, Section 2948 of Volume 3 of the Code
of 1922, which shows clearly that the plaintiff had to prove
that he had not brought about his own injury or damage by
his own act or negligently contributed thereto. Then, im-
mediately following the reading of the statute, he said, fur-
ther:

"This case is out of the ordinary for this reason:   The
plaintiff has not only to allege in his complaint that the
county was negligent, but also must allege and prove that
he was not negligent, and that makes it a little different from
the ordinary case."

Then follows the sentence which is alleged to be the erro-
neous charge:

"And it is not incumbent upon the county to prove that
the plaintiff was negligent, but they have got to prove that
it was not negligence."

Then follows immediately:

"If the negligence should occur by plaintiff's conduct, the
county ought not to pay for the wrongdoing of the plaintiff
or the lack of care.   That is the difference in the ordinary
case.   The plaintiff must allege that he was not negligent
and prove it to your satisfaction, so the burden of proof is
on the plaintiff. The whole burden is on the plaintiff to
prove that by the negligence of the defendant the injury
occurred, if any occurred, and that they themselves were
not negligent; and they claim that they were damaged in
the sum of $431.41, and you will read the complaint and
find out what that is.

"The burden is upon the plaintiff now to prove this case; that is, that the county officers were negligent in keeping up the bridge, and that plaintiff was not negligent nor did they contribute in any way to their injury."

Then his Honor further charged the jury that it was the duty of the county officials to exercise ordinary care in keeping up the highways, and that this was the measure of duty of the county officials—ordinary care.

It will be seen, therefore, that if the language excepted to be taken just as it appears in the record, it is in utter contradiction to the charge delivered at length. Standing by itself, it would clearly be erroneous, but with the explanation given the jury prior to this utterance and immediately following it, there could have been no chance for the jury to have misunderstood the Judge's charge to the effect that the burden was on the plaintiff. As the sentence excepted to stands, it has no place in the charge, and yet it is there, but it is nullified by the general charge going along with it and as a part of it.

Certainly the idea that the county officials had to prove that the county, through its officials, was not negligent was not in the mind of his Honor, the trial Judge. He evidently thought he was saying, "But they have got to prove that *he* was not negligent," referring to the plaintiff, and, taken in connection with the statute, the whole of his general charge negatives the idea that he had any such thing in mind as telling the jury that the defendant had to show that it was not negligent.

As already quoted, his Honor used the following language almost in the same sentence with the language excepted to:

"The whole burden is on the plaintiff to prove that by the negligence of the defendant the injury occurred, if any occurred, and that they, themselves, were not negligent."

It will be seen from this that "they" was used by his Honor in reference to the plaintiff, and hence that, in the sentence excepted to, it could not have been taken by the

jury other than in the sense of referring to the plaintiff. This exception, therefore, is overruled.

2. The second exception imputes error to his Honor in charging the jury:

"I disagree with you on the thinly settled country. I don't think there is any difference in the amount of traffic, and all."

This, as it stands in the record, does not appear to have been in response to a request to charge, and as to which the respondent's attorneys say:

"Where a request to charge is tendered orally at the conclusion of the Court's charge, and not in conformity with Circuit Court rule No. 11, it will be assumed that the failure to respond to it was based on noncompliance with the rule" —citing *Bleaching Co. v. Fuel Co.*, 117 S. E., 735; 124 S. C., 458.

This is a correct proposition of law, but if the trial Judge does respond to an oral request, then it is subject to all the rules of law that are applicable to formal requests to charge. This is what took place:

"Mr. Croft: If the county delegated some one else to repair that bridge, then the county would be responsible for their negligence in repairing it.

"The Court: Yes, sir.

"Mr. Salley: If the plaintiff's load exceeded the ordinary load, he could not recover.

"The Court: That is a matter for the jury."

And his Honor so charged the jury in reading the statute, for he told the jury in reading it:

"Such damage shall not be recovered by the person so injured if his load exceeded the ordinary weight."

Then his Honor added:

"I disagree with you on the thinly settled country; I do not think there is any difference in the amount of traffic, and all."

The record is silent as to the position taken by counsel before the Court at this time in reference to the condition of the country. There does not appear in the record any request to charge, that in considering the question of the duty of the defendant in keeping the bridge in repair, the jury could take into consideration the condition of the country (for the testimony shows that it was a thinly settled section of the country). This may have been a matter of argument before the jury or the Court, or both. But the position taken by counsel, to which the language excepted to was in response, is not in the record, and it must be treated as a matter of colloquy between the counsel and the Court, or as a voluntary utterance directed to counsel, and not as intended to be a charge to the jury that they should not consider the amount of traffic on this road in measuring the duty of the defendant.

Negligence is, in a measure, a relative term, embodying questions of law and fact; what might be a safe bridge at one place might be entirely unsafe at another, and what might be a breach of duty in one case, might not be a breach of duty in another case. It would depend on the situation of the bridge and the probable use to be made of it. *Moody v. Aiken County,* 124 S. C., 288; 117 S. E., 533.

Yet we cannot say that the language used here is such error of law as would warrant a reversal of the judgment, without having before us the evidence of the situation out of which it grew, for the language was directed by the Court to the counsel: "I disagree with you." Just what is meant to be conveyed could only be ascertained by having the matter before us to which it was in reply, and that is not before us, save that, as stated, the testimony shows that it was a thinly settled country. This exception is overruled.

As presented to the Court, the question is whether a remark addressed to the counsel in the presence of the jury should be taken as, in effect, a charge to the jury; that his Honor manifestly did not intend it as such is apparent. It

does not appear that he had been requested to charge on this phase of the case, or that he attempted to do so, but he was simply telling the counsel that he did not agree with his, counsel's, view of the case. How this was brought about, as stated, does not appear, and to hold that this statement, appearing by itself and addressed to counsel, amounted to reversible error, would tend to impede the administration of justice, and would be tantamount to governing the whole case by an isolated collateral sentence.

The testimony is conflicting. The plaintiff alleges that there was being transported in the automobile truck four head of oxen and several laborers. The defendant attempted to show by testimony that there was on a 2½ ton truck four oxen weighing more than 1,000 pounds each, 2,000 pounds of cottonseed meal, and about the same quantity of hulls—all in sacks—some bedding, a trough, and several people; and attempted to show further that one of the oxen had been damaged when the truck bogged down before going upon the bridge, and that the truck afterwards went upon the bridge at a dangerous rate of speed; that the oxen were not thrown out and injured, that the tires were not damaged, and that the injury was not such as they claimed. The testimony of the plaintiff is in sharp conflict.

The jury had the witnesses before them and settled the issues against the defendant. Taking the case in all of its aspects, the judgment ought to be and is affirmed.

MR. CHIEF JUSTICE GARY concurs in result.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.