15027

JOHNSTON v. LIFE & CASUALTY INS. CO. *ET AL.*

(7 S. E. (2d), 463)

November, 1938.

*Messrs. C. T. McDonald* and *G. Badger Baker,* for appellants,

*Messrs. McEachin & Townsend,* for respondent,

February 26, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

This is an action to recover damages for slanderous words allegedly spoken of the plaintiff by defendant W. D. Smith in his capacity of manager of the Florence office and district of the defendant Life & Casualty Insurance Company of Tennessee, in the city and county of Florence; and while engaged in and about the business of the said corporation. Two causes of action are set out in the complaint. In the first cause of action it is alleged that W. D. Smith on or about May 18, 1936, said to E. C. Baker of and concerning this plaintiff: "Johnston had stolen the books and money." In the second cause of action it is alleged that W. D. Smith while engaged in and about the business of the said corporation, on or about May 14, 1937, spoke to J. O. Clearly of and about this plaintiff the following false and slanderous words: "We have had a time getting Johnston's debit straight; Johnston stole the money and books and turned nothing in; he checked short ever since he has been with us; Johnston is the crookedest man in town."

It is alleged that both of these utterances made to Baker and Clearly were meant to charge Johnston with willfully taking money paid to him for the defendant, which charges him with the crime of breach of trust with fraudulent intent, which is indictable under the laws of the State of South Carolina, and which charges moral turpitude on the part of the plaintiff; that said words were spoken, uttered and published in a willful, wanton and malicious manner.

For answer, the defendant Life & Casualty Company, a corporation: 1. Denies each and every allegation of the complaint, except as the same may be hereinafter admitted.

Further answering, this defendant alleges: 1. That the plaintiff for a short while was employed by this defendant as soliciting and collecting agent and that when the plaintiff was requested to resign his position with the defendant company, he ceased his activities as agent of the company but retained in his possession the collection book and company records along with the collections taken by him during his last week of employment with the defendant company,

which booking records and company funds he refused to surrender to said defendant, and as defendant is informed and believes the said plaintiff is still in possession of the aforesaid property of this defendant which he refuses to part with or return to this defendant. The defendant W. D. Smith entered a general denial only.

The case was tried by Judge Johnson and a jury and resulted in a verdict for plaintiff in the sum of $2,500.00 damages, actual and punitive.

The appeal discloses a confused state of affairs. Many colloquies arose between Court and counsel and the learned Judge, with commendable patience, permitted counsel on both sides to argue controverted issues with entire freedom. After the verdict was rendered, defendants moved for a new trial, which motion his Honor took under advisement; making his order denying the motion, his Honor addressed a letter to the attorneys of both the parties stating his personal views on some of the matters at issue. A part of that letter is inserted in the record by the respondent and it is contended by appellants that a certain other part should be inserted there, but inasmuch as we shall not consider anything contained in that letter, we may dismiss the contention.

The appeal is presented upon the issues set out in five exceptions, and subdivisions thereof.

Counsel for appellants elect to present their argument in the form of five questions.

The first relates to the contention that another part of the letter of the trial Judge should be inserted in the record. As stated above, we shall not consider anything contained in that letter.

Did the trial Judge err in refusing to order a mistrial because of the testimony elicited from respondent's witness W. H. Black? We do not think so. The Court repeatedly told counsel, and carefully instructed the jury, that Mr. Black's testimony was admissible to show malice, but could not be considered in proof of damages.

In this he was right. Moreover, the whole testimony of Black was struck from the record.

The remaining questions make issues of grave concern touching the plea of justification and the question of mitigation of damages.

The record contains much colloquial matter between the Court and counsel as to whether the Court was requested to charge on justification and mitigation. In the last analysis, the issue is boiled down to this: His Honor says even if there had been a request to charge on the subject of justification and mitigation, the charge would not have been given because justification had not been pleaded. In other words, he holds that in order to entitle one to a charge on mitigation, there must be a sufficient plea of justification. It does not appear that the close question we are now considering has been specifically considered and decided in this jurisdiction.

Section 483 of the Code of Civil Procedure is as follows:

*"Answer in Such Cases.*—In the action mentioned in the last section, *the defendant may, in his answer, allege both the truth of the matter charged as defamatory, and any mitigating circumstances, to reduce the amount of damages;* and, whether he prove the justification or not, he may give, in evidence, the mitigating circumstances." (Italics added.)

Let it be noted that the Section provides that the defendant *may* plead justification and he *may* plead mitigating circumstances, but it nowhere provides that in order to plead and prove mitigating circumstances he *must* plead justification. From the fact that although he fail to prove justification, he may still prove mitigating circumstances, the deduction is reasonable, indeed is necessary, that without pleading justification, he may still plead and prove mitigating circumstances.

Much confusion appears in the record as to what occurred between the Court and counsel upon the issue whether defendant had pleaded justification and whether he was en-

titled to a charge thereabout; but it does appear that the learned Judge said, in effect, that even if a charge on the subject had been asked it would not have been granted because justification had not been pleaded, and for the same reason he was not entitled to a charge on the subject of mitigating circumstances. In other words, the conclusion deducible from this language is that in order to entitle one to the benefit of the plea of mitigating circumstances, the defendant must have pleaded justification.

" 'The cause and manner of speaking the slander are in all cases proper to be given in evidence in order to guide the jury in the assessment of damages, * * *.' " *McLeod v. American Pub. Co.,* 126 S. C., 363, 120 S. E., 70, 71.

The insurance company sets forth with particularity in its answer the facts and circumstances which it claims entitled it to a charge on the subject of mitigation. Certainly, the plaintiff did not demur, nor move to strike those allegations from the answer, on the contrary, he went into them freely in his testimony. We need not now stop to inquire whether these statements amount to a plea of justification. We think his Honor was in error because he said he would not charge on the subject of mitigation because justification had not been pleaded and there was no request for a charge on mitigation.

" * * * It may be that since the adoption of the code, with its 186th section of force (now Section 483), which permits the defendant, in actions like this, to allege in his answer both the truth of the matter charged as defamatory, and also any mitigating circumstances, to reduce the amount of damages, and whether he proves the justification or not, allows him to give in evidence the mitigating circumstances. that evidence tending to show that the defendant had reason to believe the truth of the charge made might be introduced, *not as justification, but in mitigation,* and in such case, when really relied on for that purpose, such evidence, though it failed to support the charge, would not aggra-

vate the offense. * * * " (Italics added.) *Finch v. Finch,* 21 S. C., 342.

Clearly Mr. Chief Justice Simpson and the eminent jurists, Associate Justices McIver and McGowan, then associated with him on this Court, thought that the pleas of justification and mitigation were not so correlated that justification must be pleaded *in haec verba* before mitigation could be given in evidence.

"The· *sixth exception* complains that it was error to charge that the jury might take into consideration any circumstances of excuse or mitigation on the one hand, or of evil purpose, malice and exaggeration on the other. It is true that when the plea of justification is entered in an action of slander there is no complete defense except by proof of the charge, but in fixing the amount of the verdict we do not see why there may not be circumstances of aggravation or of mitigation in such case as well as in any other. Why may not the defendant say: 'I spoke the words, but under great provocation, or in sudden heat and passion,' or 'I spoke them only once, and then only from public rumor,' &c? It is true that the defendant cannot avail himself of the defense which the truth of the charge affords without pleading justification; but it does not follow that in all such cases the verdict must be the same without regard to the facts and circumstances of aggravation or mitigation. * * *" *Burckhalter v. Coward,* 16 S. C., 435.

The legitimate inference is that mitigating facts and circumstances may be pleaded and proved irrespective of the fact whether justification has or has not been pleaded.

That seems to be the logical and common purpose and intent of Section 483.

" * * * Matters may be considered in mitigation of damages which do not amount to justification." 36 C. J., 1231.

" * * * Where a statute authorized defendant to give in evidence, in mitigation of damages, the truth of the words spoken or written or the circumstances under which they

were spoken or written, defendant is not thereby precluded from setting up as a special defense the truth of the matter as a bar to the action." 36 C. J., 1232.

Here the distinction between justification and the plea of mitigating circumstances is recognized.

The following is taken from page 134 of the record: "No request for a charge on mitigation of damages was made during the trial or when the question 'Is there anything further?' was asked upon the completion of the general charge. It might be that under the decisions of the Courts a charge upon mitigation would have been proper in this case had such a charge been requested, but under the opinion of a majority of the South Carolina Supreme Court in *Burn v. Evening Post Publishing Company,* 140 S. C., 21, 138 S. E., 520, which is binding upon me until reversed, it would seem that in the jurisdiction the defendants under the so-called second defense were not entitled to a charge upon mitigation. Unquestionably the suggestion that there should have been a charge on mitigation of damages comes too late, when made for the first time in arguing the motion for new trial, and this is especially true when counsel were specifically asked after the general charge whether there was any further charge desired."

It seems to us that the defendant was entitled to have had a charge on question of mitigation. It is unfortunate that there should have been so much confusion upon the question whether a request for such charge was timely made.

We think that the remarks of the trial Judge in denying the motion for new trial show that such a charge would have been especially helpful in determining what the jury should have done in the matter of the books, records and money of the defendant which the answer charged the plaintiff with taking, and which the plaintiff admitted he had taken and which he still had.

Judgment reversed and case remanded for trial.

MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON dissents.

Mr. Justice Carter did not participate on account of illness.

Mr. Acting Associate Justice C. T. Graydon (dissenting):

I am unable to agree with the disposition of the exceptions in the majority opinion which reversed the cause and remanded the same for a new trial and I, therefore, dissent from that part of the majority opinion and briefly state my reasons.

The answer does not plead truth which, according to Section 483 of the Code, is used synonymously with the word justification. The answer does not admit that the statements were made of plaintiff as alleged in the complaint. The answer may be construed as alleging a plea of mitigation, but I agree with the majority opinion that under the statute matters in mitigation may be given in evidence regardless of the plea or proof of justification, but in my judgment matters in mitigation should always be plead. *Latimer v. York Cotton Mills,* 66 S. C., 135, 44 S. E., 559.

I do not feel, however, that this case turns on the question of the plea or the evidence offered under the plea, but rather upon what happened in the Court room as to the request for instructions by the defendant's attorney, Mr. McDonald.

There was no written request as required by Rule 11 of the Circuit Court to charge on the question either of justification or mitigation and the colloquy between counsel and the Court on the motion for a new trial shows that any request made was made verbally after the testimony was in and the jury had been charged. The reason for the rule to require counsel to submit written requests is to obviate just what happened in this case. Had there been a written request submitted there could be no question as to what the Judge was requested to charge or if the request had been dictated to the stenographer of the Court, which sometimes is permissible under certain circumstances (*Hall v. Aiken County,* 132 S. C., 420, 129 S. E., 160), this Court

would have had the benefit of the exact language of the attorney. In my judgment the request not having been made in writing and not having been dictated to the stenographer, it would tend to create confusion and disorder in the administration of justice to allow and permit an exception to be founded without either one or the other being done.

I am further of opinion that when a trial Judge fails to charge upon issues raised by the pleadings and the evidence in the case, that it is the duty of counsel to call his attention to such failure in open Court within the hearing of the stenographer and have such matter properly transcribed. This was not done and in my judgment it is fatal.

I am of opinion that the judgment of the lower Court should be affirmed.