467 S.E.2d 439 (1996)
AMERICAN FEDERAL BANK, FSB, Respondent,
v.
NUMBER ONE MAIN JOINT VENTURE; Leonard R. Jordan, Jr., J. Fitzgerald O'Connor, Jr.; W. Ryan Hovis; Victoria L. Eslinger; Michael R. Daniel; Joe E. Berry, Jr.; and Arthur St. J. Simons, II, of whom Number One Main Joint Venture, Leonard R. Jordan, Jr., J. Fitzgerald O'Connor, Jr., W. Ryan Hovis, Victoria L. Eslinger, Michael R. Daniel and Joe E. Berry, Jr. are, Primary Appellants,
And Arthur St. J. Simons, II, is Secondary Appellant.
Arthur St. J. SIMONS, II, Appellant,
v.
Leonard R. JORDAN, Jr.; J. Fitzgerald O'Connor, Jr.; W. Ryan Hovis; Victoria L. Eslinger; Michael R. Daniel; Joe E. Berry, Jr.; Berry, Dunbar, Daniel, O'Connor & Jordan, Attorneys at Law; and William O. Higgins, Respondents.
No. 24375.
Supreme Court of South Carolina.
Heard April 5, 1995.
Filed February 20, 1996.
*440 Deborah R.J. Shupe, of Berry, Adams, Quackenbush & Dunbar, Columbia, for Primary Appellant.
Francis T. Draine, Columbia, for Secondary Appellant.
Tara E. Nauful and Elizabeth A. Carpentier, Columbia; and James H. Cassidy, Greenville; for Respondent American Federal Bank.
James W. Alford and James R. Allen, Columbia, for Respondents Berry, Dunbar, Daniel, O'Connor & Jordan and William O. Higgins.
TOAL, Justice.
In this action on a note and guaranties, the defendants separately contest the trial court's rulings. We affirm the trial court on all grounds except as to the amount of attorneys' fees.

FACTUAL/PROCEDURAL BACKGROUND
Number One Main ("Joint Venture") is a joint venture composed of two entities: the Middleburg Company, wholly owned by Arthur St. J. Simons, II, and Columbia Investors, which includes six partners of the former Berry Law Firm ("Law Firm"). The goal of Joint Venture was to acquire, renovate, and market Number One Main Street, a multi-story office building located in Columbia, South Carolina, on Gervais Street across from the State Capitol. Joint Venture approached American Federal Bank ("Bank") about procuring a $250,000 loan. Bank approved the loan, and the loan documents were executed on October 6, 1989. The loan was secured by real estate owned by Simons and by personal guaranties of Simons and the six partners of Columbia Investors. William O. Higgins, an associate of the Berry Law Firm, served as the closing attorney of the loan transaction.
Joint Venture defaulted on the note, and Bank brought this action. Victoria L. Eslinger, one of the Columbia Investors partners, confessed judgment. In their answer, the other five partners admitted liability on the note and guaranties, but contested the amount of interest owed. The trial court *441 granted summary judgment to Bank on the issue of liability of these five guarantors.
In his answer, Simons denied liability on the note and guaranty and counterclaimed against Bank for breach of contract. Further, he asserted a third-party complaint against the Columbia Investors partners, the Berry Law Firm, and the closing attorney Higgins, alleging breach of contract, fraud, and malpractice claims. Simons declared that he had a side agreement with Columbia Investors whereby he agreed to personally guaranty the loan from the Bank if Columbia Investors executed a collateral guaranty in Simons's favor. Under the collateral agreement, Columbia Investors would indemnify Simons against liability in the event of default on the loan. Simons contended that the Berry Law Firm was responsible for properly executing the collateral agreement by securing the necessary signatures of the Columbia Investors partners.
Simons further argued that Higgins of the Berry Law Firm represented him at the loan closing and represented the Bank, thus acting as its agent. Simons asserted he executed the note and guaranty in reliance on the existence of the collateral agreement. He alleged that Law Firm was acting as the agent of Bank, and because it knew that the collateral agreement had not been executed, this knowledge should be imputed to the principal Bank. Accordingly, Simons concluded Bank should be estopped from collecting on the note. Moreover, Simons took the position that Law Firm's failure to execute the collateral agreement should be imputed to Bank, which should be liable for breach of contract. If Simons's position had prevailed, he would have been absolved of any responsibility for the debt to Bank.
The trial court entered judgment for the Bank on the note to Joint Venture and on Simons's guaranty. The Bank was also granted attorneys' fees. The court ruled against Simons on his counterclaim against the Bank. The trial court dismissed Simon's third-party complaint against the Columbia Investor partners, Law Firm, and Higgins.
Simons and the Columbia Investors partners have separately appealed. Simons contends that the trial court erred in failing to find that Columbia Investors breached the collateral agreement, that the collateral agreement was a condition precedent which nullified Simons's obligations to the Bank, and that the Law Firm had committed malpractice. Further, he argues the trial judge erred by displaying an arbitrary, biased, and confused attitude toward Simons's claims. Joint Venture and the Columbia Investors partners appeal on the grounds that the trial court erred in awarding excessive attorneys' fees to the Bank and in failing to apportion the fees amongst the defendants.

LAW/ANALYSIS

A. Breach of Collateral Agreement
Simons argues that the lower court erred by failing to find a breach of the collateral agreement by Columbia Investors. The lower court found that no breach of the collateral agreement occurred because all the parties had not executed the agreement. As a precondition to the agreement, all partners in Columbia Investors had to sign the agreement. This condition was not fulfilled as Victoria Eslinger, one of the partners, never signed the agreement.
"In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings." Townes Assoc., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). Evidence does reasonably support the judge's finding that the parties had agreed that all the Columbia Investors partners were to sign the collateral agreement before it would be valid. Simons's own attorney, who had drafted the collateral agreement, testified at trial that procuring the signatures of all the partners was a precondition of the collateral agreement.

B. Collateral Agreement as Condition Precedent to Loan
Simons asserts that the lower court erred in failing to find that the collateral agreement was a condition precedent to the loan agreement. Moreover, Simons contends that *442 the failure of the condition nullified Simons's obligations to the Bank. He argues that the closing attorney was acting as the agent of the Bank. He also takes the position that the closing attorney had knowledge that the collateral agreement was a condition precedent to the loan; therefore, under agency law, this knowledge is imputed to Bank.
We need only address the question of the existence of an agency relationship between Bank and the closing attorney.[1] Whether an agency relationship exists is a question of fact. Gamble v. Stevenson, 305 S.C. 104, 406 S.E.2d 350 (1991); Hinson v. Roof, 128 S.C. 470, 122 S.E. 488 (1924). After a review of the record, we find the evidence reasonably supports the judge's finding that no agency relationship existed. See Townes Assoc., 266 S.C. 81, 221 S.E.2d 773. The closing attorney testified that he did not represent Bank. The Vice President of Bank also testified that the closing attorney was not representing Bank at the closing. While Simons presented evidence to the contrary, there was sufficient evidence to support the trial judge's finding that no agency relationship existed between the closing attorney and Bank. We affirm.

C. Malpractice
Simons contends that the Berry Law Firm represented him at the loan closing and that Higgins, the associate designated by the Law Firm to carry out the closing, committed malpractice in failing to ensure the execution of the collateral agreement between Simons and Columbia Investors. We find this argument to be without merit.
Before a claim for malpractice may be asserted, there must exist an attorneyclient relationship. Kurtenbach v. TeKippe, 260 N.W.2d 53 (Iowa 1977); Berman v. Rubin, 138 Ga.App. 849, 227 S.E.2d 802 (1976); 1 Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice § 8.2, at 403 (3d ed. 1989). No such attorney-client relationship existed in the present case. Higgins was not representing Simons individually at the loan closing; rather, he was representing Joint Venture. Simons attended the closing with his own counsel Maxwell Boyle. Boyle's purpose in attending the closing was to advise Simons as to the execution of the loan documents. We affirm the trial court's ruling.

D. Improper Judicial Conduct
Simons appeals on the additional grounds that the trial judge displayed an arbitrary, biased, and confused attitude toward the claims of Simons. Conduct of a trial, including admission and rejection of testimony, is largely within the trial judge's sound discretion, the exercise of which will not be disturbed on appeal unless appellant can show abuse of such discretion, commission of legal error in its exercise, and resulting prejudice to appellant's rights. Fetner v. Aetna Life Ins. Co., 199 S.C. 79, 18 S.E.2d 521 (1942); see Merrill v. Barton, 250 S.C. 193, 156 S.E.2d 862 (1967). After a full review of the record, we find no evidence that the trial judge abused his discretion.

E. Attorneys' Fees
Joint Venture and the Columbia Investors partners also appeal. They argue that the trial court erred in awarding excessive attorneys' fees to Bank and that the court failed to apportion the fees amongst the various defendants. Generally, attorneys' fees are not recoverable unless authorized by contract or statute. Hegler v. Gulf Ins. Co., 270 S.C. 548, 243 S.E.2d 443 (1978). When a contract exists, the award of attorneys' fees is left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown. Smith v. Smith, 264 S.C. 624, 216 S.E.2d 541 (1975).
In the present case, attorneys' fees were authorized by contract. The contract contained a clause providing for "a reasonable attorney's fee" for costs incurred for legal proceedings to collect on the note. The personal guaranties signed by the debtors also provided for reasonable attorneys' fees. We find, however, that the trial judge's determination *443 of the amount of attorneys' fees was not reasonable. Bank's attorney submitted evidence of fees of $16,926.15. The judge, however, awarded Bank attorneys' fees of 10% of the amount of the judgment ($286,356.43), or $28,635.64. Evidence did not support awarding Bank an additional $11,709.49. We reverse the trial court's decision as to attorneys' fees and modify the amount of fees to $16,926.15.
Joint Venture and the Columbia Investors partners also argue that the amount of the attorneys' fees should be apportioned amongst the defendants because a significant share of Bank's attorneys' fees were attributable to defense of the counterclaim of Simons. The note and guaranties provided for joint and several liability on the debt. Unless the instrument otherwise specifies, persons who sign as maker and as a part of the same transaction are jointly and severally liable. S.C.Code Ann. 36-3-118(e) & cmt. 6 (1976). Further, the issues presented in the counterclaim were intertwined with the issue of Bank's ability to proceed on the note. See Charleston Lumber Co. v. Miller Hous. Corp., ___ S.C. ___, 458 S.E.2d 431 (Ct.App. 1995) (Attorneys' fees arising out of a counterclaim may be awarded when the facts and issues are intertwined.). Thus, the parties are jointly and severally liable for the attorneys' fees.
In conclusion, we affirm the trial court's findings on all grounds except as to the amount of attorneys' fees, which we modify to $16,926.15.
AFFIRMED in part; REVERSED in part.
FINNEY, C.J., MOORE and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.
NOTES
[1] Because we find that there is evidence supporting the finding that the closing attorney was not an agent of Bank, we need not reach the issue whether the collateral agreement was a condition precedent to the loan.