18703

Chester H. MERRILL, Respondent, v. John S. BARTON, William Roy Caul, and one 1958 Chevrolet panel truck (dba C. & W. Printing Service), Appellants.

(156 S. E. (2d) 862)

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Appellants,*

*E. C. Burnett, Jr., Esq.,* of Spartanburg, *for Respondent,*

September 14, 1967.

BUSSEY, Justice.

In this action plaintiff-respondent recovered a verdict of $6,500.00, actual damages, for personal injuries and property damage sustained on June 27, 1962, when his automobile was struck from the rear by a truck driven by the defendant-appellant Caul, on a street in the City of Spartanburg. Evidence adduced on behalf of the plaintiff was to the effect that he sustained a rather severe whiplash injury to his cervical spine, involving the rupture of one or more cervical disks. He was under the professional care of Dr. Joseph Hodge for his whiplash injury from shortly after the accident until April of the following year. Dr. Hodge is

a surgeon whose practice includes neurosurgery as well as orthopedic surgery. He, with one or more partners, operates The Hodge Clinic in Spartanburg. Dr. Hodge testified, *inter alia,* that with an injury such as plaintiff had there was no clear-cut recovery from it, and he considered at the time of the trial that plaintiff had a physical disability impairment of about 35%. It was his opinion that plaintiff would have intermittent remissions and exacerbations and that he would have to guard very closely the movements of the cervical spine to avoid a recurrence of painful disorder or difficulty.

Plaintiff testified to the effect that he had restricted himself to limitations he could comfortably handle and had to be very careful about turning his head, bending over, or lifting anything. On or about November 25, 1963, plaintiff bent over to pick up a light bag of groceries from the back seat of his car and found that he "just couldn't straighten up." Following this incident, he was hospitalized for some ten days and his difficulty was diagnosed as an acute lumbosacral strain.

The only question on this appeal is whether the trial judge committed prejudicial error in admitting evidence as to this latter occurrence, including the introduction of a corset prescribed for plaintiff in connection therewith. It is the contention of appellants that the November occurrence was totally unrelated to the injury sustained by plaintiff at the time of the June accident and that evidence thereabout was, accordingly, immaterial, irrelevant and prejudicial.

It is well settled in this state that the question of relevancy of testimony is largely within the trial judge's discretion and that the exercise of his sound discretion in the conduct of the trial, including the rejection or admission of testimony, will not be disturbed by this court in the absence of abuse of such discretion amounting to legal error to the prejudice of appellant's rights. See cases collected in West's South Carolina Digest, Evidence, Key No. 99; Appeal and Error, Key No. 1047(1).

"In personal injury actions great latitude is allowed in the introduction of evidence to aid in determining the extent of the damages; and as a broad general rule any evidence which tends to establish the nature, character and extent of injuries which are the natural and proximate consequences of defendant's acts is admissible in such actions, if otherwise competent." 25 A C. J. S. Damages § 146, p. 28.

The foregoing was quoted by this court with approval in *Mullinax v. Great Atlantic & Pac. Tea Co.,* 221 S. C. 433, 70 S. E. (2d) 911.

The specific question of admissibility of evidence of a later accident and the results thereof is discussed in 25 A C. J. S. Damages § 146, p. 31. There it is said,

"Evidence as to a later accident and the results thereof has been held admissible on plaintiff's behalf if the later accident resulted from conditions created by, and were a natural consequence of, the earlier one, or if there is a question for the jury as to whether the later accident resulted from injuries sustained in the earlier one."

We deem it unnecessary to discuss in detail all of the circumstances reflected by the evidence. While the question may be a close one, we lean to the view that the evidence, considered in its entirety, made an issue for the jury as to whether the November, 1963, occurrence was a natural consequence of, or proximately resulted from, the infirmities sustained by the plaintiff in the June, 1962, accident, and that there was no abuse of discretion on the part of the trial judge in refusing to exclude evidence as to the latter occurrence.

Assuming, however, that such evidence was inadmissible and should have been excluded, the appellants are in no position to complain. The November occurrence and plaintiff's resulting hospitalization were first mentioned by Dr. Hodge, rather briefly, at the close of his direct examination. In the course thereof, however, he testified, "I don't believe that this injury that he previously had

contributed to this particular lumbo-sacral strain." On the basis of this statement, counsel for appellants objected and moved to strike all reference to the November incident, but the court overruled, holding that "* * * the evidence is competent to show the distinction and the reason for the different injuries.

Counsel for appellants then, without preserving any rights under the aforesaid objection, cross examined Dr. Hodge at length with reference to plaintiff's lumbo-sacral condition following the November occurence, and in the course thereof obtained testimony from the doctor to the effect that the November condition could have gone along with the original injury, but that he did not believe it was directly connected with such. An analysis of the doctor's entire testimony would rather clearly indicate that, in discussing the November condition and its connection, if any, with the original injury, he was thinking and speaking in terms of whether or not any injury to the lumbo-sacral area occurred at the time of the June 1962, accident. Counsel for neither party queried him as to the probability, or improbability, of plaintiff's infirmities from the first accident having any proximate causal connection with his having the second accident and resulting injury therefrom.

On redirect examination, Dr. Hodge, without objection, testified that a corset was prescribed for plaintiff following the November occurrence. Somewhat later in the trial the plaintiff, without objection, testified as to the circumstances leading up to his hospitalization in November 1963, and in the course of his direct examination was asked the question, "As a result of being struck by Mr. Caul, did you have to wear a corset?" With commendable frankness, he replied, "I am wearing a corset. I don't know if it is directly or indirectly related."

Somewhat later, counsel for appellants objected to the plaintiff pointing out to the jury the portions of his body covered by the corset, the objection being as follows:

"I object to the corset, the witness says himself he doesn't know that it is directly or indirectly related to the accident."

The objection was overruled, the court holding that plaintiff's frank statement about the cause of having to wear the corset merely went to the weight of the evidence. During a recess in the trial, plaintiff removed his corset and, following the recess, it was offered in evidence, whereupon counsel for appellants stated, "No objection."

Even if Dr. Hodge's initial testimony with reference to the November occurrence was inadmissible, the error, if any, on the part of the trial judge was waived when counsel for appellants, without preserving any rights under the objection, cross examined the doctor thereabout at length. The only other objection interposed by appellants was, as above set forth, when the plaintiff was about to point out to the jury the extent to which the corset covered his body. This objection was made only after repeated earlier references to the corset by both the doctor and the plaintiff, and unaccompanied by any motion to strike the evidence thereabout already introduced without objection.

Under the circumstances, we think the judge was correct in overruling this latter objection, but, in any event, his ruling was not prejudicial, since similar testimony had been previously received without objection. See *Turner v. Wilson,* 227 S. C. 95, 86 S. E. (2d) 867; *Anderson v. Western Union Tel. Co.,* 85 S. C. 252, 67 S. E. 232, rehear. den. 85 S. C. 252, 67 S. E. 477.

Under all of the circumstances reflected by the record, we conclude that we would not be warranted in holding that there was any abuse of discretion amounting to an error of law on the part of the trial judge. Certainly, no prejudicial error, if any such occurred during the trial, was properly reserved for review by this court. The judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.