21952

ASSOCIATE MANAGEMENT, INC., Appellant, v. E. D. SAULS CON-STRUCTION COMPANY and William T. Sauls Agency, Inc., Defendants of Whom E. D. Sauls Construction Company is Respondent.

(305 S. E. (2d) 236)

*James D. Cooper, Jr.*, of *Ratchford, Cooper & Jones*, Columbia, *for appellant.*

*Robert F. Buggel*, of *Sellers & Buggel*, Columbia, *for respondent.*

July 12, 1983.

GREGORY, Justice:

Associate Management, Inc., appeals from an order granting respondent E. D. Sauls Construction Company's motion for an involuntary non-suit. We reverse and remand for a new trial.

Appellant entered into a contract with respondent for the sale of three lots near Lake Murray through its alleged agent William T. Sauls. After making a Ten Thousand ($10,000.00) Dollar down payment and paying the first installment of Eight Thousand One Hundred Sixty-Three ($8,163.00) Dollars, appellant discontinued making payments, contending respondent broke certain promises. Appellant then brought this action seeking (1) rescission, (2) damages for breach of contract, (3) damages for fraudulent misrepresentation, and (4) damages for conversion.

Respondent answered denying William T. Sauls was its agent, denying any dealings with appellant, and denying receiving any money from appellant. Respondent, in an amended answer, set forth as an affirmative defense, a document entitled "Satisfaction and Release." Respondent further amended its answer to plead as an additional defense that appellant had breached the contract by failing to make annual installments, and brought a cross-claim against William T. Sauls.

The matter was heard by a jury. At the close of the appellant's case, respondent moved for an involuntary non-suit as to all four causes of action. The trial judge granted respondent's motion on the ground the Satisfaction and Release operated to release respondent from any claim appellant might have against it. Appellant appeals the non-suit as to the first two causes of action.

Appellant first contends the Satisfaction and Release was improperly admitted into evidence because it was irrelevant, immaterial, and prejudicial. Evidence which tends to establish or to make more or less probable some matter in issue and to bear directly or indirectly thereon is relevant. *See* cases collected in 9 West's S. C. Digest, *Evidence*, Key No. 99. The admission of evidence is largely within the discretion of the trial judge. *Id.* The trial judge ruled the document relevant and admissible. We find no abuse of discretion on the part of the trial judge in admitting the document into evidence.

Appellant next contends the trial judge erred in granting respondent's motion for an involuntary non-suit. We agree. The premise for withdrawing the case from the jury and granting the motion was that the document released respondent from liability on appellant's claim although respondent was not a party to the release, was not named in it and did not sign it. This contravenes established principle for considering the motion.

In ruling on a defendant's motion for an involuntary non-suit, the evidence must be viewed in the light most favorable to the plaintiff, and if more than one reasonable inference can be drawn therefrom, the judge must submit the case to the jury. *Fielding Home for Funerals v. Public Savings Life Insurance Company*, 271 S. C. 117, 245 S. E. (2d) 238 (1978). Viewing the evidence in the light most favorable to appellant, it is reasonable to infer appellant never intended to and did not release respondent from any claim appellant might have on this contract. Thus, the trial judge erred in granting respondent's motion for an involuntary non-suit.

Accordingly, we reverse and remand for a new trial on the first two causes of action.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.