0729

Joseph E. EADDY, Jr., Appellant v. Jean S. DORN, as committee for William C. Dorn, a person non compos mentis, Weatherly Realty Inc., Bobby Weatherly, Wib Weatherly and Teresa Weatherly, individually and as agents of Weatherly Realty, Inc., Respondents. Patricia E. JUMPER, Appellant v. Jean S. DORN, as committee for William C. Dorn, a person non compos mentis, Weatherly Realty Inc., Bobby Weatherly, Wib Weatherly and Teresa Weatherly, individually and as agents of Weatherly Realty, Inc., Respondents.

(345 S. E. (2d) 513)

Court of Appeals

*E. LeRoy Nettles, Sr.,* of *Nettles, Floyd, Turbeville & Reddeck,* Lake City, *for appellants.*

*Henry W. Kirkland, Alice S. Moore* and *Frederick A. Gertz,* both of *Gertz & Moore,* Columbia, *for respondent Jean S. Dorn, etc.*

*Daniel B. Causey, III,* Darlington, *for respondents Weatherly Realty, Inc., et al.*

Heard April 14, 1986.

Decided June 9, 1986.

SHAW, Judge:

Appellants Joseph E. Eaddy, Jr. and Patricia Jumper appeal from the trial judge's order granting an involuntary nonsuit to respondents Weatherly Realty, Inc., Bobby Weatherly, and Wib .Weatherly.[1] Eaddy and Jumper also appeal a jury verdict in favor of respondent Jean S. Dorn as committee for William C. Dorn, a person *non compos mentis.* We reverse and remand.

Eaddy and Jumper executed an auction contract with Weatherly Realty in which Weatherly agreed to "advertise,

---

[1] Teresa Weatherly was removed from the case, before trial, pursuant to an order of summary judgment. That order is not appealed.

promote, and sell" at public auction certain real estate and farm equipment. Eaddy and Jumper owned separate pieces of the real estate and Eaddy owned all of the farm equipment. The sales were subject to owner confirmation. Jumper agreed to pay Weatherly a 4% commission; Eaddy agreed to pay a 6% commission.

The auction was conducted on March 15, 1980. William Dorn, later adjudicated a person *non compos mentis*, offered the high bid on all of the real estate and most of the farm equipment. Dorn wrote checks, payable to Weatherly and dated March 15, 1980, to cover the required deposits. The checks were returned for insufficient funds. The land and equipment were resold at an estimated loss of $138,591.57 to Eaddy and $75,360.00 to Jumper. Eaddy and Jumper then sued Weatherly Realty, Inc., Bobby, Wib and Teresa Weatherly and Dorn for damages.

## I.

Eaddy and Jumper contend the trial court erred in granting the involuntary nonsuit. They argue the record contains sufficient evidence to create a factual issue as to whether Weatherly Realty through its agents, Bobby and Wib Weatherly, breached the auction contract by failing to discharge its duties as broker. We agree.

Wib Weatherly admitted he became concerned Dorn might not be a bona fide bidder during the auction. He also admitted he failed to convey this concern to anyone. Robert Weatherly testified he was confident Dorn's bid was not bona fide. Robert claims he approached Eaddy with his concern, but Eaddy informed him Jumper taught school with Dorn's wife and Dorn was "all right." Robert further claims Eaddy instructed him to accept Dorn's bid. Robert testified he accepted the bid and prepared the purchase and sale agreements because of Eaddy's instruction.

Eaddy admits accepting Dorn's bid and signing the purchase and sale agreements prepared by Weatherly. However, he denies anyone expressed concern to him about Dorn's ability to pay. Jumper testified she knew Dorn's wife, but knew nothing of the family's financial position. She also testified no one from Weatherly Realty expressed any concern to her that Dorn's bids were not genuine.

A trial judge, in ruling on a defendant's motion for an involuntary nonsuit, must view the evidence in a light most favorable to the plaintiff. If more than one reasonable inference can thus be drawn, the judge must send the case to the jury. *Associate Management, Inc. v. E. D. Sauls Construction Co.*, 279 S. C. 219, 305 S. E. (2d) 236 (1983).

The term "broker" includes any person hired to conduct an auction for a fee. S. C. Code Ann. § 40-57-10(1) (1976). This court has recently reaffirmed a broker's duty to keep its principal "fully and promptly informed of all material facts that come to the broker's knowledge with respect to the transaction in which the broker is engaged, affect the principal's interest, and might influence the principal's action." *Vacation Time of Hilton Head Island, Inc. v. Lighthouse Realty, Inc.*, 286 S. C. 261, 332 S. E. (2d) 781, 785 (Ct. App. 1985).

Given the disparity of testimony in the record regarding whether anyone from Weatherly Realty conveyed any reservations about Dorn to Eaddy or Jumper and the cited law, the case should have been submitted to the jury. We reverse and remand for trial.

## II.

Eaddy and Jumper also claim the trial court erred in its charge to the jury on the action against Dorn.

Our Supreme Court has held where a person has not been adjudicated incompetent and is not insane so as to warrant confinement in an institution, persons dealing with him have a right to rely on the presumption of mental competency unless they have actual notice otherwise. *Dominick v. Rhodes*, 202 S. C. 139, 24 S. E. (2d) 168 (1943). The *Dominick* court concluded a contract entered into with an incompetent person in good faith, without fraud, and supported by fair consideration is a valid contract.

The trial judge refused Eaddy and Jumper's request to charge this principle of law to the jury. We find this was error and reverse the jury's verdict for Dorn and remand for a new trial. In view of this decision, we deem it unnecessary to address Eaddy and Jumper's other assignment of error regarding the jury charge.

Finally, Eaddy and Jumper contend the trial court erred in refusing to direct a verdict against Dorn. We disagree. We find the record contains sufficient evidence by which a jury could conclude Eaddy and Jumper, or their brokers, had constructive notice of Dorn's mental state. Thus, whether the contract is valid is a matter for the jury to decide. A directed verdict would have been error.

Reversed and remanded.

SANDERS, C. J., and BELL. J., concur.