1602

Junior JEFFERSON, Administrator of the Estate of Deborah Nell Jefferson, Appellant v. SYNERGY GAS, INC., a Corporation, and Bobby Lee Holbrooks, Respondents.

(401 S.E. (2d) 427)

Court of Appeals

*R. Daniel Day*, Seneca, *for appellant.*

*Wm. Douglas Gray* and *James D. Jolly, Jr.*, of *Watkins, Vandiver, Kirven, Gable & Gray*, Anderson, *for respondent.*

Heard Dec. 10, 1990.

Decided Feb. 4, 1991.

*Per Curiam:*

Appellant, Junior Jefferson, as Administrator of the Estate of Deborah Nell Jefferson, brought a wrongful death action against respondents, Bobby Lee Holbrooks and Synergy Gas, Inc. From a jury verdict in favor of respondents, Jefferson appeals. We affirm.

Decedent, Deborah Nell Jefferson, was killed in an automobile accident on May 28, 1986. Her father, Junior Jefferson, brought this action alleging Holbrooks and his employer, Synergy Gas, negligently caused her death when Holbrooks drove a truck partially onto the highway into Miss Jefferson's lane of travel. Miss Jefferson attempted to stop her vehicle but lost control and ran into the bank on the side of the road.

The defendants generally denied the allegations and further raised the defense of contributory negligence. At trial, the officer who investigated the accident testified his report indicated Miss Jefferson's brakes apparently locked, causing her vehicle to slide sideways, eventually striking the bank. An eyewitness to the accident also testified stating Miss Jefferson, who was directly in front of her, was attempting to pass a car "and all of a sudden this back wheel looked like it just locked and slid and just whipped her right in front of this car." She further testified that "something happened to her back brake that slid her directly between these two cars." She went on to state it appeared Miss Jefferson's right rear wheel locked.

The sole issue on appeal is whether the trial judge erred in charging S.C. Code Ann. §§ 56-5-4410 and 56-5-5310 (1976). § 56-5-4410 provides as follows:

> It shall be unlawful for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or combination of vehicles which is in such an unsafe condition as to endanger any person or property or which does not contain those parts or is not at all times equipped with lights, brakes, steering and other equipment in proper condition and adjustment as required in this article or which is equipped in any manner in violation of this article or for any person to do any act forbidden or fail to perform any act required under this article.

§ 56-5-5310 provides:

> No person shall drive or move on any highway any vehicle unless the equipment thereon is in good working order and adjustment as required in this chapter and the vehicle is in such safe mechanical condition as not to endanger the driver or other occupant or any person upon the highway.

Jefferson contends the trial judge committed error in charging these sections arguing there was no evidence to support them since there was no testimony regarding a mechanical defect. We disagree. The testimony of both the investigating officer and the eyewitness created a question of fact as to whether Miss Jefferson was operating an automobile with defective brakes and was, thus, contributorily negligent. Where there is evidence from which the jury can reasonably infer one is in violation of a statute, that evidence will support a charge of that statute. *See Mouzon v. Moore & Stewart, Inc.*, 282 S.C. 233, 317 S.E. (2d) 756 (Ct. App. 1984). Though the testimony regarding the condition of the brakes was circumstantial, we find it created a question of fact to be resolved by the jury. We therefore find no error in the charging of these two statutes.

Affirmed.