595 S.E.2d 248

**Richard N. KENNEDY, Appellant,**

v.

**Scott Edward GRIFFIN and Dick Simon Trucking, Inc., Respondents.**

**No. 3743.**

Court of Appeals of South Carolina.

Heard Nov. 5, 2003.

Filed Feb. 3, 2004.

Rehearing Denied March 18, 2004.

Kenneth L. Holland, of Gaffney, for Appellant

William S. Brown, of Greenville, for Respondent(s).

L. Sidney Connor, IV, of Surfside Beach, for Appellant.

Jerry Jay Bender and Robert L. Widener, both of Columbia; L. Morgan Martin, Linda Weeks Gangi and Michael W. Battle, all of Conway; Scott B. Umstead, Thomas C. Brittain and William Edward Lawson, all of Myrtle Beach; and William C. Barnes, of Florence, for Respondents.

CONNOR, J.:

Richard Kennedy appeals the trial judge's denial of his motion for a new trial based upon: (1) the admission of a blood test showing marijuana was in his system at the time of his automobile accident; and (2) the trial judge's jury instruction regarding the *per se* negligence statute. We reverse and remand.

## FACTS

On May 29, 1998, Kennedy was driving his pickup truck on U.S. Route 29 in Cherokee County, approaching the intersection with Secondary Road 164. Scott Griffin was driving an eighteen-wheeler truck in the scope of his employment with Dick Simon Trucking, Inc., on Secondary Road 164. At the intersection, Griffin pulled out in front of Kennedy to make a left turn onto U.S. Route 29. Kennedy's truck collided with

the rear set of tires on the trailer of Griffin's truck. The weather was clear on the day of the accident.

Maxie Littlejohn witnessed Kennedy applying his brakes at the last second before impact, causing Littlejohn to wonder why Kennedy did not slow down to avoid the accident. The investigating officer found short skid marks in Kennedy's lane, suggesting Kennedy was not paying attention or panicked and froze before slamming on the brakes. Griffin testified that he saw Kennedy's truck and thought he had a safe distance to make the turn. Kennedy testified that Griffin bolted out in front of him, blocked both lanes of traffic, and then slammed on his brakes, forcing Kennedy to apply his brakes and swerve.

Kennedy was taken to the hospital by ambulance for treatment of his injuries. As part of a routine practice when treating victims of automobile accidents, the emergency room physician performed a blood test on Kennedy to determine if any substances were present in his system that would react adversely to medicines administered to him. The results of the blood test indicated the presence of marijuana in Kennedy's blood stream. The test results did not indicate the level of drugs in Kennedy's system or how long the drugs had been in his system. Nothing in the record indicates that marijuana was found in or around Kennedy's vehicle or that Kennedy smelled of marijuana.

Kennedy filed suit against Griffin and Dick Simon Trucking, Inc., seeking to recover damages for negligence. Prior to trial, Kennedy filed a motion *in limine* to exclude the admission of the blood test analysis showing the presence of marijuana in his system. The judge denied the motion. Kennedy's treating physician later testified before the jury that the toxicology report showed Kennedy had marijuana in his system, but the report did not indicate the level of intoxication or how long the marijuana had been in his system.

The trial judge instructed the jury on the law of negligence *per se* under the driving under the influence statute. The jury returned a verdict finding Kennedy was seventy percent at fault for the accident and Griffin and Dick Simon Trucking were thirty percent at fault. Kennedy, thus, was unable to

recover any damages. He moved for a new trial, and the trial judge immediately denied the motion. Kennedy appeals.[1]

## ISSUES

I. Did the trial judge err in allowing the admission of evidence that Kennedy had marijuana in his system?

II. Did the trial judge err in charging the jury on the law of negligence *per se?*

## SCOPE OF REVIEW

■ The denial of a motion for a new trial is within the trial judge's discretion and will not be reversed on appeal absent an abuse of discretion. *Haselden v. Davis,* 341 S.C. 486, 495, 534 S.E.2d 295, 300 (Ct.App.2000), *aff'd,* 353 S.C. 481, 579 S.E.2d 293 (2003).

## DISCUSSION

### I. Admission of Marijuana Evidence

■ Kennedy argues he was entitled to a new trial due to the admission of the toxicology test results into evidence because the probative value of the results was substantially outweighed by undue prejudice.

■ "Evidence is relevant and admissible if it tends to establish or make more or less probable some matter in issue." *Hoeffner v. The Citadel,* 311 S.C. 361, 365, 429 S.E.2d 190, 192 (1993); Rule 401, SCRE; Rule 402, SCRE. However, otherwise relevant evidence may be excluded where its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury ...." Rule 403, SCRE. "Unfair prejudice means an undue tendency to suggest a decision on an improper basis." *State v. Owens,* 346 S.C. 637, 666, 552 S.E.2d 745, 760 (2001). A trial judge's decision to admit or exclude evidence is within his discretion

---

1. Dick Simon Trucking filed a Chapter 11 Petition on February 25, 2002, and an automatic stay was placed on the appeal. The United States Bankruptcy Court for the District of Utah entered an order liquidating Dick Simon Trucking. The order further allowed a lifting of the bankruptcy stay to the extent that Kennedy seeks to recover available insurance coverage.

and will not be disturbed unless an abuse of discretion occurs. *Pike v. S.C. Dep't of Transp.*, 343 S.C. 224, 234, 540 S.E.2d 87, 92 (2000).

In support of their argument that the trial judge did not err in admitting the blood test results, Griffin and Dick Simon Trucking cite *Gulledge v. McLaughlin*, 328 S.C. 504, 492 S.E.2d 816 (Ct.App.1997). In *Gulledge*, this Court discussed the admissibility of blood test results in a car accident case showing the deceased had a blood alcohol content (BAC) of .166. The deceased's spouse argued the BAC test result should not have been admitted because, standing alone, it was insufficient to establish impairment. Reviewing the deceased's BAC level of .166, testimony from a medical technologist that a BAC level of .4 or .5 would be inconsistent with life, the beer cans and cooler found near the deceased's vehicle, and the circumstances of the accident, the Court found there was evidence sufficient for a jury to conclude the deceased was impaired from alcohol consumption at the time of the accident. This Court held the trial judge did not abuse his discretion in admitting the evidence. *Gulledge*, 328 S.C. at 511–12, 492 S.E.2d at 819–20.

The present case is clearly distinguishable from *Gulledge*. Although Kennedy tested positive for marijuana, the test did not measure the quantity of marijuana in Kennedy's system or how recently Kennedy had been exposed to marijuana. Unlike the evidence in *Gulledge*, no evidence in the present case indicated whether the marijuana was of such a level as to impair Kennedy's judgment. Further, the circumstantial evidence did not support an inference that Kennedy was impaired due to marijuana use. No marijuana was found in or near Kennedy's truck and there was no testimony that Kennedy smelled of marijuana. Although witnesses noticed that Kennedy delayed in applying his brakes, Kennedy's actions did not necessarily suggest that he was driving under an impairment.

Under these circumstances, evidence of the mere presence of marijuana, without further indication of impairment, could mislead the jury. The admission of this evidence was more prejudicial than probative because there was no correlation between the marijuana and the accident. Accordingly, the

trial judge erred in allowing its admission. *See Simco v. Ellis*, 303 F.3d 929, 933–34 (8th Cir.2002) (holding that evidence of a truck driver's cocaine use at the time of the accident should have been excluded as prejudicial where the toxicology test did not support a finding of intoxication and the mere mention of cocaine could inflame a jury); *State v. McClain*, 525 So.2d 420 (Fla.1988) (finding the trial court did not abuse its discretion in excluding evidence of trace amounts of cocaine in the defendant's blood where chemist could not express opinion on whether it would have affected defendant's driving and it would have seriously prejudiced defendant in the eyes of the jury); *Martinez v. Graves*, 2003 WL 21466962 (Tex.App.2003) (affirming the trial judge's exclusion of evidence of cocaine in the deceased's system because the amount of cocaine was not established and there was no correlation between the cocaine and the accident).

## II. Negligence *Per Se* charge

Kennedy also asserts he was entitled to a new trial because the trial judge erred in charging the law of negligence *per se* to the jury.

It is unlawful to drive in this State while under the influence of alcohol or drugs. S.C.Code Ann. § 56-5-2930 (1991).[2] A driver is "under the influence" when ingestion of drugs or alcohol results in the impairment of the driver's faculties, impairs the driver's ability to operate the vehicle with reasonable care, or impairs the driver's ability to drive as a prudent driver would operate the vehicle. *State v. Kerr*, 330 S.C. 132, 143–44, 498 S.E.2d 212, 217 (Ct.App.1998).

"Negligence *per se* is established by proof that a party violated a statute which has the essential purpose of protecting persons such as the injured party from the kind of harm suffered." *Gulledge*, 328 S.C. at 510, 492 S.E.2d at 819 (internal citations omitted); *Coleman v. Shaw*, 281 S.C. 107,

---

**2.** This version of section 56–5–2930 was in effect at the time of the May 29, 1998, accident. Effective June 29, 1998, section 56–5–2930 was substantially revised. The new version incorporates the definition of "under the influence." It provides that it is unlawful to drive while under the influence of alcohol or drugs "to the extent that the person's faculties to drive are materially and appreciably impaired." S.C.Code Ann. § 56–5–2930 (Supp.2002).

314 S.E.2d 154 (Ct.App.1984) (holding that violation of a statute is negligence *per se* ). "Where there is evidence from which the jury can reasonably infer one is in violation of a statute, that evidence will support a charge of that statute." *Jefferson v. Synergy Gas, Inc.*, 303 S.C. 479, 481, 401 S.E.2d 427, 428 (Ct.App.1991). A trial judge's decisions on jury instructions will not be reversed on appeal absent an abuse of discretion. *Clark v. Cantrell,* 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000). "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *Id.* at 389, 529 S.E.2d at 539 (citations omitted).

Over Kennedy's objection, the judge charged the jury on negligence *per se* as follows:

It is unlawful for any person who is a habitual user of narcotic drugs, or any person who is under the influence of intoxicating liquors, narcotic drugs, barbiturates, paraldehydes or drugs, herbs, or any other substance of like character, whether synthetic or natural, to drive any vehicle within this state.

I charge you that violation of any of the provisions of these statutes is negligence as a matter of law. This means that proof of such violation is in itself proof of negligence, so that should you find such violation, your only concern would be whether the violation caused the injury and damage.

There was no evidence in the present case that Kennedy was under the influence of marijuana. As previously discussed, the blood test indicated the presence of the drug but not the level of intoxication. No marijuana was found on Kennedy or in his vehicle and no evidence was presented that Kennedy smelled of marijuana. Although there was evidence that Kennedy hesitated before braking, no evidence was presented to support an inference that his ability to drive was impaired from the ingestion of marijuana. There was no evidence that the marijuana in Kennedy's system was of such a level as to impair his ability to drive with reasonable care, and thus, there was no evidence to support an inference that Kennedy was driving "under the influence."

Accordingly, it was error for the trial judge to instruct the jury on the law of negligence *per se* where no evidence existed

showing Kennedy was driving under the influence. *See State v. Cooley,* 342 S.C. 63, 67, 536 S.E.2d 666, 668 (2000) (holding the trial judge erred when he issued a voluntary manslaughter charge because the record contained no evidence supporting a finding of sufficient legal provocation). Further, there is a reasonable probability that the jury based its verdict on the erroneous charge, in conjunction with the erroneous admission of evidence showing marijuana in Kennedy's system. As such, it is proper to grant a new trial. *See Taylor v. State,* 312 S.C. 179, 183, 439 S.E.2d 820, 822 (1993) ("[W]e cannot say beyond a reasonable doubt the jury did not base its verdict on the erroneous jury charge ... Because there is a reasonable possibility that the error contributed to the verdict, we RE-VERSE.").

## CONCLUSION

The trial judge in this case erred in allowing the admission of blood test results showing the presence of an unmeasured amount of marijuana in Kennedy's system absent any other evidence indicating Kennedy was under the influence or driving under an impairment. Similarly, the trial judge erred in charging the jury on negligence *per se* when there was no evidence that Kennedy was driving "under the influence." The trial judge should have granted Kennedy's motion for a new trial. Accordingly, the jury's verdict is REVERSED and the matter is REMANDED for a new trial.

REVERSED AND REMANDED.

ANDERSON, J., concurs and GOOLSBY, J., dissents in a separate opinion.

GOOLSBY, J., dissenting:

I disagree with Kennedy's argument that the circuit court erred in denying his motion to suppress the blood test.

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [1] "All relevant evi-

---

1. Rule 401, SCRE.

dence is admissible."[2] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[3] A trial judge's decision to admit or exclude evidence is within his discretion and will not be disturbed on appeal unless an abuse of discretion occurs.[4] Evidence showing the presence of drugs in Kennedy's system at the time of the accident is highly probative of impairment.[5]

The circumstances surrounding the accident, as in *Gulledge v. McLaughlin*,[6] provide corroborating evidence that Kennedy may have been under the influence of marijuana at the time of the accident and supply the basis for the admission of the blood test results. Kennedy's failure to stop quickly enough to avoid the accident, even though the tractor-trailer was in plain view, and the presence of marijuana in his blood system support an inference of impairment that the jury should have been allowed to consider in determining fault.

I also disagree with Kennedy's argument that the judge erred in instructing the jury that a violation of S.C.Code Ann. § 56-5-2930 (Supp.2002) would constitute negligence *per se.*

A trial judge should confine jury instructions to the issues raised by the pleadings and supported by the evidence.[7]

2. Rule 402, SCRE.

3. Rule 403, SCRE.

4. *Elledge v. Richland/Lexington Sch. Dist. Five*, 352 S.C. 179, 185, 573 S.E.2d 789, 792 (2002).

5. *Gulledge v. McLaughlin*, 328 S.C. 504, 510, 492 S.E.2d 816, 819 (Ct.App.1997) (holding evidence of blood alcohol content admissible, stating that "obviously, evidence of [blood alcohol content] tends to make the existence of [the fact that plaintiff was driving under the influence] more or less probable"); *see* S.C.Code Ann. § 56-5-2930 (Supp.2002) (declaring unlawful the operation of a motor vehicle while under the influence of a narcotic drug); *State v. Long*, 186 S.C. 439, 446, 195 S.E. 624, 627 (1938) (holding it is gross and culpable negligence for a drunken person to attempt to operate an automobile upon a public highway).

6. *Gulledge*, 328 S.C. at 510, 492 S.E.2d at 819.

7. *Ellison v. Parts Distribs., Inc*, 302 S.C. 299, 301, 395 S.E.2d 740, 741 (Ct.App.1990).

Here, the question of Kennedy's negligence was an issue framed by the pleadings and there was evidence that he had marijuana in his system at the time of the accident.[8]  As our supreme court recognized in *Field v. Gregory*,[9] a violation of an applicable statute by a motorist is negligence *per se*.  The jury instruction concerning the statute at issue was, therefore, proper.  I would affirm.

---

8.  *See supra* note 5.

9.  *Field v. Gregory*, 230 S.C. 39, 44, 94 S.E.2d 15, 18 (1956); *see also State v. Wong*, 125 N.H. 610, 486 A.2d 262, 268 (1984) (holding a person who is proven to have driven an automobile while intoxicated is criminally negligent *per se*); *cf. State v. Kellison*, 233 Iowa 1274, 11 N.W.2d 371, 373 (Iowa 1943) (holding drunken driving in violation of statute is not merely *malum prohibitum*, but is *malum in se*); *State v. Mouzon*, 231 S.C. 655, 662, 99 S.E.2d 672, 676 (1957) (holding that driving an automobile on a public highway while intoxicated is not only *malum prohibitum* but *malum in se*).