STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    Docket No. CV-03-283

KIMBERLY WATSON, Personal
Representative of the Estate of
Robert Pare,                                        D9

          Plaintiff,

     v.                                             ORDER

SPRING HARBOR HOSPITAL, et al.,

          Defendants.


Before the court is a motion by defendants Spring Harbor Hospital and William

Brennan M.D. (collectively "Spring Harbor") for summary judgment.[1]


1.    Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law.  In considering a

motion for summary judgment, the court is required to consider only the portions of the

record referred to and the material facts set forth in the parties' Rule 56(h) statements.

E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704.  The facts must be considered

in the light most favorable to the non-moving party.  Id.  Thus, for purposes of

summary judgment, any factual disputes must be resolved against the movant.

Nevertheless, when the facts offered by a party in opposition to summary judgment

would not, if offered at trial, be sufficient to withstand a motion for judgment as a

---

[1] Defendants' motion is captioned as a motion for partial summary judgment. If all aspects of
the motion were granted, however, it appears that the complaint would be dismissed in its
entirety.

matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

2.  Suicide as a Superseding Cause

Spring Harbor contends that Robert Pare's decision to commit suicide was an intervening cause of his death and superseded any negligence that may have been committed by Spring Harbor. Spring Harbor also contends that while cases such as *McLaughlin v. Sullivan*, 461 A.2d 123, 125 (N.H. 1983), have recognized that mental hospitals may under some circumstances be liable for failing to prevent suicide, that rule should only apply where the patient remains hospitalized and the hospital thereby retains control over the patient. *See id.* at 125, 126. In this case it is undisputed that Pare had been discharged from Spring Harbor – indeed, one of plaintiff's contentions appears to be that the decision to discharge him was negligent under the circumstances.

The court has not, however, discovered any cases that have precluded liability once a potentially suicidal patient is no longer hospitalized. Instead, the cases suggest that if both a breach of the applicable standard of care and proximate cause can be proven, there can be liability for malpractice resulting in a suicide that takes place in a non-custodial or outpatient setting. *See, e.g., Patton v. Thompson*, 958 So.2d 303 (Ala. 2006); *Maunz v. Perales*, 76 P.3d 1027 (Kan. 2003); *Hobart v. Shin*, 705 N.E.2d 907 (Ill. 1998); *White v. Lawrence*, 975 S.W.2d 525 (Tenn. 1998); *Hoeffner v. The Citadel*, 429 S.E.2d 190 (S.C. 1993). Other jurisdictions have struggled with causation issues in suicide cases, *see Wilkens v. Lamoille County Mental Health Services Inc.*, 889 A.2d 245 (Vt. 2005), and there may be an issue as to whether plaintiff can offer sufficient evidence of causation to survive a Rule 50 motion at the close of plaintiff's case. However, for purposes of summary judgment, based on the record before it at this time, the court

2

concludes that if the facts are construed in the light most favorable to plaintiff as the party opposing summary judgment, summary judgment should be denied.[2]

3.    Pecuniary Loss

In her opposing statement of material facts, plaintiff has admitted that Robert Pare worked only intermittently in the several years before his death and that "there was no reason whatsoever to believe that Robert Pare would have supported his mother, or Kimberly Watson, financially." Plaintiff's Response to Defendants' Statement of Undisputed Material Facts ¶¶ 3-4.

In a wrongful death case, recovery may be obtained, *inter alia*, for any pecuniary loss that may be suffered by the beneficiaries of the decedent's estate. In this case the beneficiaries of Robert Pare's estate are his parents. 18-A M.R.S. § 2-103. The Law Court has noted that it is inherently difficult to determine a parent's pecuniary loss upon the death of a child. *Carter v. Williams*, 2002 ME 50 ¶ 10, 792 A.2d 1093, 1097. In this case, given the undisputed facts recited above, plaintiff has not demonstrated that there is a material issue for trial as to any pecuniary loss. On this record any pecuniary loss would be entirely speculative, and damages may not be awarded where proof is nothing more than speculative. *Snow v. Villaci*, 2000 ME 127 ¶ 13, 754 A.2d 360, 364-65. Defendants are therefore entitled to partial summary judgment dismissing the estate's claim for pecuniary loss.

---

[2] There also appears to be a divergence of authority as to whether a defense of comparative negligence should be available for a suicide in a non-custodial setting. *Compare Maunz*, 76 P.3d at 1032-35, and *Hobart*, 705 N.E. 2d at 911 (comparative negligence defense available) *with White*, 975 S.W.2d at 530-31, and *Hoeffner*, 429 S.E.2d at 193 (comparative negligence defense unavailable). That issue, which has not been resolved in Maine, need not be reached at this time.

4.     Kimberly Watson's Emotional Distress Claims

Since Kimberly Watson is not a statutory beneficiary of the estate, she is not entitled to recover for the loss of comfort, society, and companionship of the deceased under the wrongful death statute, 18-A M.R.S. § 2-804(b). Watson has, however, brought a separate claim on her own behalf for negligent infliction of emotional distress.

Under *Carter v. Williams*, 2002 ME 50 ¶ 20, 792 A.2d at 1099, Watson is not precluded from pursuing such a claim. As a bystander, she has to show that she was present at the time of the alleged malpractice, that she suffered serious mental distress as a result of immediately perceiving the alleged malpractice, and that she was closely related to the victim. *Id.* ¶ 17, 792 A.2d at 1098; *Nelson v. Flanagan*, 677 A.2d 545, 548 (Me. 1996).

In the court's view, Watson has demonstrated disputed issues for trial on these issues. She has offered evidence that she spoke with her brother on several occasions during his hospitalization, that she communicated with a hospital social worker because of her concerns that he was getting worse, that she was present to pick him up when he was discharged, and that she contemporaneously complained about the decision to discharge him. That is sufficient to bring her within the narrow avenue left open in *Nelson v. Flanagan* for bystander NIED claims regarding medical malpractice.

The entry shall be:

Defendants' motion for partial summary is granted as to the Estate's claims for pecuniary loss and that claim is dismissed. In all other respects defendants' motion is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

4

DATED:      October 9, 2008

_____

Thomas D. Warren
Justice, Superior Court

5

CHRISTIAN FOSTER ESQ
PO BOX 4803
PORTLAND ME 04112

*Plaintiff*

NOAH WUESTHOFF ESQ
PO BOX 4600
PORTLAND ME 04112

*Defendant*